BENSEL v. GALT.

*Reference — compulsory reference — action sounding in tort.*

In an action by the receiver of a corporation for moneys fraudulently obtained from such corporation, the complaint alleged that the defendants were enabled to and did keep false accounts on the books of the company, and asked to recover the actual balance due from defendants to the corporation. *Held*, a referable cause.

APPEAL by defendants from an order at the special term ordering a reference.

The action was brought in Kings county by William P. Bensel as receiver, etc., of The New York and Pennsylvania Blue Stone Company, a corporation, against John Galt and others to recover moneys of said corporation alleged to be fraudulently paid to the firm of Kilgour, Vignes & Co. The complaint alleged that said firm was composed of four of the defendants, named Stearns, Thayer, Kilgour, and Vignes; that a contract was made by defendant Galt, who was then president of said corporation, with said firm for the purchase, by the corporation, of stone ; that after said contract was made defendant Galt, and the remaining defendant, named Rutter, became partners; that defendants conspired together to and did cheat and defraud the corporation by the entry of divers fictitious credits to the firm upon the books of the corporation, upon which fictitious credits large sums of money were paid by the corporation to the firm.

The defendants in their answers denied the charge of conspiracy and the making of the entries of fictitious credits.

Upon the affidavit of plaintiff's attorney that the trial of the action would necessarily involve the examination of a long account of several hundred items, and upon the pleadings, the order of reference was made. Such other facts as are material appear in the opinion.

*Fullerton, Knox & Crosby* and *E. A. Brewster*, for appellants. The action being one sounding in tort was not referable except by consent. *Whitaker* v. *Desforse*, 7 Bosw. 678; *Freeman* v. *Atlantic Mut. Ins. Co.*, 13 Abb. 124; *Levy* v. *Brooklyn Fire Ins. Co.*, 25 Wend. 687; *Bushnell* v. *Eastman*, 2 Abb. N. S. 411; *Warner* v. *Western Transp. Co.*, 3 Robt. 705; *Wheeler* v. *Falconer*, 7 id. 45; *Cameron* v. *Freeman*, 18 How. 310; *Townsend* v. *Hendricks*, 40 id. 143.

*Wm. H. Morgan* and *E. Louis Lowe*, for respondent.

TALCOTT, J. This is an appeal from an order of reference in this action, made at the Kings special term. The action is really one upon an account, claimed to be due from the defendants to the " Pennsylvania Blue Stone Company," under a contract whereby the stone company agreed to purchase from the defendants all the stone the company might require, at certain specified prices. The

complaint alleges, that by reason of certain circumstances, unnecessary to be recapitulated, the defendants were enabled to and did keep false accounts on the books of the company of the transactions under the contract, and seeks to impeach the accounts so kept, and to recover the actual balance which shall appear to be due from the defendants to the stone company, upon a true and correct statement of the accounts.   There seems no doubt but that the case is one which is referable and ought to be referred, especially upon the condition imposed by the order of reference, and assented to by the stipulation of the plaintiff, that the plaintiff will claim on the trial only the amount received by the defendants in excess of what they were entitled to under the contract.   Nothing is left to be investigated but a mere account of moneys received by the defendants, according to a true and just statement of the account.

The order appealed from is affirmed, with $10 costs of appeal.

*Order affirmed.*